# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 12-23518-CIV-SEITZ/SIMONTON

TIFFANY (NJ), LLC,

       Plaintiff,

vs.

925JEWELRYMAX.COM, *et al.*,

       Defendants.

_____/

## ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS MATTER is before the Court on the October 15, 2012 hearing on Application for Entry of Preliminary Injunction (the "Application for Preliminary Injunction") [DE-5].

By the instant Application, Plaintiff, Tiffany (NJ), LLC ("Plaintiff") moves for entry of a preliminary injunction against Defendants the Partnerships or Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants") for alleged violations of the Lanham Act 15 U.S.C. §§ 1114 and 11255(a) and (d). The Court has carefully reviewed the said Application, the entire Court file and is otherwise fully advised in the premises.

At the hearing only counsel for Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction [DE-5]. Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiff's Application for Preliminary Injunction. [DE-5].

## I.    Factual Background[1]

1.    Plaintiff manufactures, promotes, distributes, and sells in interstate commerce, including within this judicial district, luxury goods under multiple federally registered trademarks. (*See* Declaration of Steven Costello in Support of Plaintiff's Application for Temporary Restraining Order ["Costello Decl."] ¶ 4.)

2.    Plaintiff is the owner and/or exclusive licensee of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "Tiffany Marks"):

| Trademark | Registration Number | Registration Date | Class / Relevant Goods |
|---|---|---|---|
| TIFFANY & CO | 0,023,573 | September 5, 1893 | IC 014.  jewelry and watches. |
| TIFFANY | 0,133,063 | July 6, 1920 | IC 014.  jewelry for personal wear, not including watches. |
| TIFFANY & CO. | 1,228,189 | February 22, 1983 | IC 014.  jewelry. |
| TIFFANY | 1,228,409 | February 22, 1983 | IC 014. jewelry. |
| TIFFANY & CO. | 1,283,306 | June 26, 1984 | IC 014.  clothing accessories – namely, cufflinks and key holders |
| T & CO. | 1,669,365 | December 24, 1991 | IC 014.  all types of jewelry made of, or in part of, precious metals and/or with precious or semi-precious stones. |
|  | 1,785,204 | August 3, 1993 | IC 014.  jewelry; namely, earrings. |
| PERETTI | 1,787,861 | August 17, 1993 | IC 014.  jewelry; namely, earrings, necklaces, pendants, bracelets and rings made of precious metals. |

[1] The factual background is taken from Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions. Plaintiff filed declarations and exhibits annexed thereto in support of its Application for Temporary Restraining Order. The declarations are available in the docket at the following entries: Declaration of Steven Costello [DE-5-1], Declaration of Stephen M. Gaffigan [DE-5-4], Declaration of Michael Picado [DE-5-13]; and Declaration of Eric Rosaler [DE-5-15].

| ELSA PERETTI | 1,799,272 | October 19, 1993 | IC 014. jewelry; namely, earrings, necklaces, pendants, bracelets and rings made of variety of materials including precious metals, |
|---|---|---|---|
| ✿ | 1,804,353 | November 16, 1993 | IC 014. jewelry; namely, earrings, necklaces, bracelets, pendants, and rings. |
| TIFFANY & CO. | 1,968,614 | April 16, 1996 | IC 014. all types of timepieces, including especially watches. |
| ✿ | 2,184,128 | August 25, 1998 | IC 014. jewelry and watches. |
| | | | IC 014. boxes. |
| ✿ | 2,359,351 | June 20, 2000 | IC 014. jewelry; watches. |
| | | | IC 014. decorative boxes. |
| TIFFANY | 2,639,539 | October 22, 2002 | IC 014. watches. |
| ATLAS | 2,886,655 | September 21, 2004 | IC 014. jewelry; rings; bracelets; earrings; necklaces; pendants. |

The Tiffany Marks are used in connection with the manufacture and distribution of goods in the categories identified above. (*See* Costello Decl. ¶ 5; *see also* United States Trademark Registrations of the Tiffany Marks at issue attached as Composite Exhibit A to the Costello Decl.)

3.      Defendants, through the Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold, at least, jewelry, such as bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks, key holders, and gift boxes bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Tiffany Marks. (*See* Costello Decl. ¶¶ 9-14.)

4.      Although each Defendant may not copy and infringe each Tiffany Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant

3

has infringed, at least, one or more of the Tiffany Marks. (*See* Costello Decl. ¶¶ 11-14.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Tiffany Marks. (*See* Costello Decl. ¶ 9.)

5.      Plaintiff retained AED Investigations, Inc., a licensed private investigative firm, and Investigative Consultants, a licensed private investigative firm, to investigate the sale of counterfeit versions of Plaintiff's products by Defendants. (*See* Costello Decl. ¶ 10; Declaration of Eric Rosaler in Support of Plaintiff's Application for Temporary Restraining Order ["Rosaler Decl."] ¶ 3; Declaration of Michael Picado in Support of Plaintiff's Application for Temporary Restraining Order ["Picado Decl."] ¶ 3.)

6.      In April 2012 and September 2012, Eric Rosaler ("Rosaler"), an officer of AED Investigations, Inc., placed an order for the purchase of (i) earrings bearing at least one of the Tiffany Marks at issue in this action through the Internet website operating under the Subject Domain Name **tiffanycanadasale.com**; (ii) a key ring bearing at least one of the Tiffany Marks at issue in this action through the Internet website operating under the Subject Domain Name **infashion2012.com**; and (iii) a bracelet bearing at least one of the Tiffany Marks at issue in this action through the Internet website operating under the Subject Domain Name **wholesalejewelry2012.com**. (*See* Rosaler Decl. ¶¶ 4-6.) Rosaler finalized payment for the Tiffany-branded earrings purchased through **tiffanycanadasale.com** via PayPal to the PayPal account, tiffanycanadasale@gmail.com. (*See* Rosaler Decl. ¶ 4 and Composite Exhibit A attached thereto.) Rosaler finalized payment for the Tiffany-branded key ring purchased through **infashion2012.com** via PayPal to the PayPal account, wuyouyong1991@gmail.com. (*See* Rosaler Decl. ¶ 5 and Composite Exhibit B attached thereto.) Rosaler finalized payment for the

Tiffany-branded bracelet purchased through **wholesalejewelry2012.com** via PayPal to the PayPal account, qingshenghuang88@gmail.com. (*See* Rosaler Decl. ¶ 6 and Composite Exhibit C attached thereto.)

      7.    Additionally, Rosaler accessed Internet websites operating under the Subject Domain Names identified in the table below, and went through the purchasing process[2] for various products, all but one of which bore counterfeits of, at least, one of the Tiffany Marks at issue in this action.[3] (Id. at ¶ 7 and Composite Exhibit D thereto.) Following submission of his orders, Rosaler received information for finalizing payment for each of the items ordered via PayPal and/or bank transfer to Defendants' respective PayPal and/or bank accounts, as follows:

| Domain Name | Payment Method | Account[4] |
|---|---|---|
| 925jewelrymax.com | PayPal | silver925jewelry@yahoo.cn |
| axues.net | Bank Transfer | HSBC Hongkong Branch; Bank Account Number: ********5838; Account Name: Maywa Industrial Limited; Swift Code: "HSBCHKHHHKH" |
| bavot.com | PayPal | favorjames@hotmail.com |
| cartierjewelrywholesaler.com | PayPal | admin@admin.com |
| chinashoesuppliers.com | PayPal | oksmgong@yahoo.com.cn |
| chinawholesale1688.com[5] | PayPal | cnyida@hotmail.com |

[2] Rosaler intentionally did not finalize his purchases from the Internet websites so as to avoid contributing funds to Defendants' coffers.

[3] Although all of the websites operating under the Subject Domain Names offer for sale Tiffany branded items (*see* Gaffigan Decl. ¶ 2 and Composite Exhibit A thereto), Rosaler intentionally purchased non-Tiffany-branded merchandise from some of the websites operating under the Subject Domain Names as part of his investigative process. (*See* Rosaler Decl. ¶ 7, n. 1.)

[4] The full account numbers of all financial institution accounts identified herein have been redacted to avoid disclosure of private financial information, in compliance with Fed. R. Civ. P. 5.2(a)(4).

[5] The "Payment" page for the chinawholesale1688.com website provides the bank transfer information for finalizing payments for purchases identifying the bank account information: Zhongzui Shen; Bank Of China; Bank Account Number ****-****-****-***3-580. (*See* Gaffigan Decl. ¶ 5 and Composite Exhibit D thereto.)

| ectiffany.com | PayPal | lookingforjewelry@gmail.com |
|---|---|---|
| firstcheapsale.com | Bank Transfer | Industrial and Commercial Bank of China;<br>Bank Account Number: ***************3649;<br>Account Name: Deng Jiachun;<br>Swift Code: "ICBKCNBJGDG" |
| goodsaaa.com | PayPal | jmf080303@yahoo.com.cn |
| goodsaaa.com | Bank Transfer | Bank of China Putian Branch;<br>Bank Account Number: ******-***-****-**1961;<br>Account Name: MinFeng Jiang;<br>Swift Code: "BKCHCNBJ73C" |
| heidoudou.net | PayPal | johnson0823@hotmail.com |
| infashion2012.com | PayPal | zhumei1966@gmail.com |
| jewelleryforgirls.com | PayPal | tiantian9696@gmail.com |
| jewelry-1st.com | PayPal | lilind189@gmail.com |
| modejewelry.com | PayPal | admin@admin.com |
| nvrengui.com | Bank Transfer | Industrial and Commercial Bank of China;<br>Bank Account Number: ***************3550;<br>Account Name: YuFei Luo;<br>Swift Code: "ICBKCNBJFJN" |
| overcartier.com | PayPal | yypyeah@gmail.com |
| replicas-joyas.com[6] | PayPal | dayingzeng@gmail.com |
| shoesbuychina.com | PayPal | luying601@gmail.com |
| shoescitytrade.com | PayPal | 461874316@qq.com |
| styleitself.com | PayPal | yeshunfeng168@qq.com |
| tiffanyandcobracelet.com | PayPal | shiqiao224@hotmail.com |
| tiffanyandcoearring.com | PayPal | laiqiankuai@yahoo.com |
| tiffanycojewelryau.com[7] | PayPal | jewelrydesignaustralia@gmail.com |

[6] The "Payment" page for the joyas-baratas.com website provides the bank transfer information for finalizing payments for purchases identifying the bank account information: Zeng Gongyong; Bank of China, FuZhou Majiang Sub-Branch; Bank Account Number ****** *********8683. (See Gaffigan Decl. ¶ 5 and Composite Exhibit D thereto.)

[7] The "Payment" page for the tiffanycojewelryau.com website provides the bank transfer information for finalizing payments for purchases identifying the bank account information: Limei Wang; Bank of China; Bank Account Number ***************1314. (See Gaffigan Decl. ¶ 5 and Composite Exhibit D thereto.)

| | | |
|---|---|---|
| tiffanygood.com | PayPal | tojewsky@gmail.com |
| tiffanyjewelryoutletu.org | PayPal | ilovemyfashionsshoppingstore@gmail.com |
| wholesalejewelry2012.com | PayPal | stricker936@gmail.com |
| wholesaletiffany-1st.com | PayPal | lilind189@gmail.com |
| wholesaletiffanyjewellery.com | PayPal | openingwindows@hotmail.com |
| good5a.com[8] | PayPal | 1920568956@qq.com |

(*see* Rosaler Decl. ¶ 7 and Composite Exhibit D thereto.)

8.    Michael Picado ("Picado"), an employee of Investigative Consultants, accessed the Internet websites operating under the Subject Domain Names identified in the table below, and went through the purchasing process[9] for various products, most of which bore counterfeits of, at least, one of the Tiffany Marks at issue in this action.[10] (*See* Picado Decl. ¶ 4 and Composite Exhibit A thereto.)  Following submission of his orders, Picado received information for finalizing payment for each of the items ordered via PayPal and/or bank transfer to Defendants' respective PayPal and/or bank accounts, as follows:

| Domain Name | Payment Method | Account |
|---|---|---|
| 998trade.com | Bank Transfer | Bank of China Putian Branch; Bank Account Number: ***************3035; Account Name: Lin Guiying; Swift Code: "BKCHCNBJ73C" |
| mallreplica.com | PayPal | katerinahelen@gmail.com |

---

[8] The "Payment" page for the good5a.com website provides the bank transfer information for finalizing payments for purchases identifying the bank account information: Xiawei Chen; Bank of China Putian Branch; Bank Account Number ***-****-****-****-8767. (*See* Gaffigan Decl. ¶ 5 and Composite Exhibit D thereto.)

[9] Picado intentionally did not finalize his purchases from the Internet websites so as to avoid contributing funds to Defendants' coffers.

[10] Although all of the websites operating under the Subject Domain Names offer for sale Tiffany branded items (*see* Gaffigan Decl. ¶ 2 and Composite Exhibit A thereto), Picado intentionally purchased non-Tiffany-branded merchandise from some of the websites operating under the Subject Domain Names as part of his investigative process. (*See* Picado Decl. ¶ 4, n. 1.)

| | Bank Transfer | Bank of China; Bank Account Number: ***************8132; Account Name: Hui Du; Swift Code: "BKCHCNBJ44W"[11] |
| shop4necklace.com | Bank Transfer | China Merchants Bank (Hong Kong Branch); Bank Account Number: ****** *** ***4801; Account Name: Chaofeng Shi; Swift Code: "CMBCHKHH" |
| shop4tiffany.com | PayPal | shiqiao224@hotmail.com |

(*See* Picado Decl. ¶ 4 and Composite Exhibit A thereto.)

9.      Furthermore, Tiffany's counsel, Mr. Gaffigan, accessed Defendants' Internet website operating under the Subject Domain Name, eccoly.com, and went through the purchasing process via the eccoly.com online store.[12] Following submission of his order, Mr. Gaffigan received information for finalizing payment for his order via PayPal to Defendants' PayPal account, as follows:

| Domain Name | Payment Method | Account |
|---|---|---|
| eccoly.com | PayPal | cjzyyp@gmail.com |

(*See* Gaffigan Decl. ¶ 4 and Exhibit C thereto.)

---

[11] Following the submission of Picado's order from the Internet website operating under the Subject Domain Name mallreplica.com, the bank transfer account information was provided to him via the mallreplica.com website. Additionally, Picado received an e-mail from the Defendants via the e-mail address service@mallreplica.com providing the bank transfer account information for his order via the mallreplica.com website. The bank transfer account information provided to Picado via the mallreplica.com website and via the Defendants' e-mail is identical except for the Swift Code which is identified on the mallreplica.com website as, "BKCHCNBJ400." (*See* Picado Decl. ¶ 4, n. 4.)

[12] Mr. Gaffigan intentionally did not finalize his purchase from eccoly.com so as to avoid contributing funds to the Defendants' coffers.

10.     Thereafter, Plaintiff's representative reviewed and visually inspected the web page listings, including images, for the items bearing Plaintiff's trademarks purchased by Rosaler and determined the items to be non-genuine versions of Plaintiff's products. (*See* Costello Decl. ¶ 11.) Additionally, Plaintiff's representative reviewed and visually inspected the items bearing Plaintiff's trademarks offered for sale through the Internet websites operating under the Subject Domain Names and determined the products to be unauthorized, non-genuine versions of Plaintiff's products. (*See* Costello Decl. ¶¶ 12-14.)

11.     On September 27, 2012, Plaintiff filed its Complaint [DE-1] against the Defendants for trademark counterfeiting and infringement, false designation of origin, cybersquatting, and common law unfair competition. On September 28, 2012, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining the Transfer of Assets Tied to the Counterfeiting Operation [DE-5]. On October 2, 2012, the Court issued an Order Granting Temporary Restraining Order *Ex Parte* [DE-9] and temporarily restrained the Defendants from infringing the Plaintiff's Marks at issue. Pursuant to the Court's October 2, 2012 Order, Plaintiff provided the Defendants with notice and copies of the Court's October 2, 2012 Order and Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining the Transfer of Assets Tied to the Counterfeiting Operation, via email to the email address(es) reflected in the domain registration date for the Subject Domain Names, via email to the email address(es) provided on the Internet websites operating under the Subject Domain Names and/or electronically via the contact submission web page provided on the websites for the Subject

Domain Names.  Thereafter, Proofs of Service were filed confirming service on the Defendants [DE-11 and DE-12].[13]

## II.   **LEGAL STANDARD**

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.   **ANALYSIS**

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A.     Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of jewelry, such as bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks, key holders, and gift boxes bearing counterfeits, reproductions, and/or colorable imitations of the Tiffany Marks, and that the products Defendants are selling and promoting are copies of Plaintiff's products that bear copies of the Tiffany Marks on jewelry, such as bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks, key holders, and gift boxes.

---

[13] As of the date of preliminary injunction hearing conducted on October 15, 2012, the redirection of the Subject Domain Names to the serving site, http://servingnotice.com/tiffpp3/index.html, has not been finalized.   Although each Defendant has received notice of the Court's October 2, 2012 Order and the October 15, 2012 hearing via the electronic notification methods authorized by the Court.

B.     Because of the infringement of the Tiffany Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1.     Defendants own or control Internet website businesses which advertise, promote, offer for sale, and sell, at least jewelry, such as bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks, key holders, and gift boxes bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2.     There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

C.     The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer and distributor of quality products, if such relief is not issued; and

D.     The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of Plaintiff.

E.     Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of jewelry, such as

bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks, key holders, and gift boxes bearing counterfeits and infringements of the Tiffany Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      In light of the inherently deceptive nature of the counterfeiting business, and Defendants' blatant violation of the federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   **CONCLUSION**

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's Application for Preliminary Injunction is hereby **GRANTED** [DE-5] as follows:

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Tiffany

Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Tiffany Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Tiffany Marks, or any confusingly similar trademarks.

(2)      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately, until further Order of this Court, discontinue the use of the Tiffany Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3)      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately, until further Order of this Court, discontinue the use of the Tiffany Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4)      Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5)     The domain name Registrars for the Subject Domain Names shall immediately, to the extent not already done, assist in changing the Registrar of record for the Subject Domain Names, excepting any such domain names which such Registrars have been notified in writing by Plaintiff have been or will be dismissed from this action, to a holding account with a Registrar of Plaintiff's choosing (the "New Registrar"). To the extent the Registrars do not assist in changing the Registrars of Record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD) Registries (or their administrators) for the Subject Domain Names, within five (5) business days of receipt of this Order, shall, change or assist in changing, the Registrar of record for the Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by Plaintiff have been or will be dismissed from this action, to a holding account with the New Registrar. As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the Registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/tiffpp3/index.html whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other

14

documents on file in this action are displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(6)     Upon Plaintiff's request, the privacy protection service for any Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information are ordered, to the extent not already done, to disclose to Plaintiff the true identities and contact information of those Registrants;

(7)     Plaintiff may enter, and continue to enter, the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name or website and thereby evade the provisions of this Order;

(8)     Each Defendant shall preserve, and continue to preserve, copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(9)     Upon receipt of notice of this Order, PayPal, Inc. ("PayPal") and its related companies and affiliates shall, to the extent not already done, immediately freeze all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to the PayPal account recipients:

| tiffanycanadasale@gmail.com |
| wuyouyong1991@gmail.com |
| qingshenghuang88@gmail.com |
| silver925jewelry@yahoo.cn |
| favorjames@hotmail.com |
| admin@admin.com |
| oksmgong@yahoo.com.cn |

| |
|---|
| cnyida@hotmail.com |
| lookingforjewelry@gmail.com |
| jmf080303@yahoo.com.cn |
| johnson0823@hotmail.com |
| zhumei1966@gmail.com |
| tiantian9696@gmail.com |
| lilind189@gmail.com |
| yypyeah@gmail.com |
| dayingzeng@gmail.com |
| luying601@gmail.com |
| 461874316@qq.com |
| yeshunfeng168@qq.com |
| shiqiao224@hotmail.com |
| laiqiankuai@yahoo.com |
| jewelrydesignaustralia@gmail.com |
| tojewsky@gmail.com |
| ilovemyfashionshoppingstore@gmail.com |
| stricker936@gmail.com |
| openingwindows@hotmail.com |
| 1920568956@qq.com |
| katerinahelen@gmail.com |
| cjzyyp@gmail.com |

as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other PayPal accounts subject to this Order; and (iii) any other PayPal accounts tied to or used by any of the Subject Domain Names identified on Schedule "A" hereto;

(10)   Upon receipt of notice of this Order, PayPal and its related companies and affiliates shall, to the extent not already done, immediately freeze all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into PayPal accounts linked to,

16

associated with, or that transmit funds into Defendants' identified bank accounts,[14] including but not limited to the:

| Bank Name | Account Name | Bank Account Number |
|---|---|---|
| HSBC Hongkong Branch | Maywa Industrial Limited | ********5838 |
| Industrial and Commercial Bank of China | Deng Jiachun | **************3649 |
| Bank of China Putian Branch | MinFeng Jiang | ******_***_****_**1961 |
| Industrial and Commercial Bank of China | YuFei Luo | ****** *********3550 |
| Bank of China Putian Branch | Lin Guiying | **************3035 |
| Bank of China | Hui Du | **************8132 |
| China Merchants Bank (Hong Kong Branch) | Chaofeng Shi | ****** *** ***4801 |
| Bank of China | Zhongzui Shen | ****_****_****_***3-580 |
| Bank of China Putian Branch | Xiawei Chen | ***_****_****_****-8767 |
| Bank of China, FuZhou Majiang Sub-Branch | Zeng Gongyong | ****** *********8683 |
| Bank of China | Limei Wang | **************1314 |

and any other related accounts of the same customers;

(11)   PayPal shall also immediately, to the extent not already done, divert to a holding account for the trust of the Court all funds in all PayPal accounts related to the PayPal account recipients:

| |
|---|
| tiffanycanadasale@gmail.com |
| wuyouyong1991@gmail.com |
| qingshenghuang88@gmail.com |
| silver925jewelry@yahoo.cn |
| favorjames@hotmail.com |
| admin@admin.com |
| oksmgong@yahoo.com.cn |

---

[14] The full account numbers have been redacted to avoid disclosure of private financial information, in compliance with Fed. R. Civ. P. 5.2(a)(4); however, the full account numbers are identified on Plaintiff's Notice of Filing Reference List, filed under seal, which shall be disclosed to PayPal to effectuate the relief ordered herein.

| |
|---|
| cnyida@hotmail.com |
| lookingforjewelry@gmail.com |
| jmf080303@yahoo.com.cn |
| johnson0823@hotmail.com |
| zhumei1966@gmail.com |
| tiantian9696@gmail.com |
| lilind189@gmail.com |
| yypyeah@gmail.com |
| dayingzeng@gmail.com |
| luying601@gmail.com |
| 461874316@qq.com |
| yeshunfeng168@qq.com |
| shiqiao224@hotmail.com |
| laiqiankuai@yahoo.com |
| jewelrydesignaustralia@gmail.com |
| tojewsky@gmail.com |
| ilovemyfashionshoppingstore@gmail.com |
| stricker936@gmail.com |
| openingwindows@hotmail.com |
| 1920568956@qq.com |
| katerinahelen@gmail.com |
| cjzyyp@gmail.com |

and any other related accounts of the same customer(s), and/or all PayPal accounts linked to, associated with, or that transmit funds into Defendants' identified bank accounts to the:

| Bank Name | Account Name | Bank Account Number |
|---|---|---|
| HSBC Hongkong Branch | Maywa Industrial Limited | ********5838 |
| Industrial and Commercial Bank of China | Deng Jiachun | **************3649 |
| Bank of China Putian Branch | MinFeng Jiang | ******-***-****-**1961 |
| Industrial and Commercial Bank of China | YuFei Luo | ****** ********3550 |
| Bank of China Putian Branch | Lin Guiying | **************3035 |
| Bank of China | Hui Du | **************8132 |
| China Merchants Bank (Hong Kong Branch) | Chaofeng Shi | ****** *** ***4801 |

| Bank Name | Account Name | Bank Account Number |
|---|---|---|
| Bank of China | Zhongzui Shen | ****-****-****-***3-580 |
| Bank of China Putian Branch | Xiawei Chen | ***-****-****-****-8767 |
| Bank of China, FuZhou Majiang Sub-Branch | Zeng Gongyong | ****** *********8683 |
| Bank of China | Limei Wang | **************1314 |

and any other related accounts of the same customers as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other PayPal accounts subject to this Order;

(12)   PayPal shall further, within five days of receiving this Order, to the extent not already done, provide Plaintiff's counsel with all data which details an accounting of the total funds frozen and identifies the PayPal account(s) which the frozen funds are related too. Such freezing of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until further order of this Court. PayPal shall receive and maintain this Order and its contents as confidential until further order of this Court;

(13)   Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(14)   This Order shall apply to the Subject Domain Names, the associated websites, and any other domain names properly brought to the Court's attention and verified by sworn affidavit which verifies such new domain names are being used by Defendants for the purpose of

counterfeiting the Tiffany Marks at issue in this action and/or unfairly competing with Plaintiff on the World Wide Web or in connection with search engine results pages; and

(15)    This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

DONE AND ORDERED in chambers in Miami, Florida, this 15 day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES

| Defendant Number | Defendant Name |
|---|---|
| 1 | 925jewelrymax.com |
| 2 | 998trade.com |
| 3 | axues.net |
| 3 | tiffanybiz.com |
| 4 | bavot.com |
| 4 | ectiffany.com |
| 5 | cartierjewelrywholesaler.com |
| 5 | modejewelry.com |
| 6 | chinashoesuppliers.com |
| 7 | chinawholesale1688.com |
| 8 | eccoly.com |
| 8 | overcartier.com |
| 8 | tiffanygood.com |
| 9 | firstcheapsale.com |
| 9 | fullreplicamall.com |
| 10 | good5a.com |
| 10 | wholesaletrade3a.com |
| 11 | goodsaaa.com |
| 12 | heidoudou.net |
| 13 | infashion2012.com |
| 14 | jewelleryforgirls.com |
| 15 | jewelry-1st.com |
| 15 | wholesaletiffany-1st.com |
| 16 | joyas-baratas.com |
| 16 | replicas-joyas.com |
| 17 | mallreplica.com |
| 18 | nvrengui.com |
| 19 | shoesbuychina.com |
| 20 | shoescitytrade.com |
| 21 | shop4necklace.com |
| 22 | shop4tiffany.com |

| 22 | tiffanyandcoearring.com |
|----|-------------------------|
| 22 | tiffanyandcobracelet.com |
| 23 | styleitself.com |
| 24 | tiffanycanadasale.com |
| 25 | tiffanycojewelryau.com |
| 26 | tiffanyjewelryoutletu.org |
| 27 | wholesalejewelry2012.com |
| 28 | wholesaletiffanyjewellery.com |

SCHEDULE "B"
**DEFENDANT PARTNERSHIPS OR UNINCORPORATED ASSOCIATIONS
BY SUBJECT DOMAIN NAME AND ASSOCIATED E-MAIL ADDRESSES**

| Defendant Number | Defendant Name | E-Mail Addresses |
|---|---|---|
| 1 | 925jewelrymax.com | wymjsy@yahoo.com.cn |
| 2 | 998trade.com | searchaaa@hotmail.com<br>pt123@126.com |
| 3 | axues.net | zhangqingok@yahoo.com.cn<br>honiclin@yahoo.com.cn<br>axues@axues.net |
| 3 | tiffanybiz.com | info@e36.cn |
| 4 | bavot.com | sales@bavot.com<br>joe567@163.com |
| 4 | ectiffany.com | sales@ectiffany.com<br>joe567@163.com |
| 5 | cartierjewelrywholesaler.com | bavot@hotmail.com<br>CartierJewelryWholesale@gmail.com |
| 5 | modejewelry.com | modejewelry@126.com<br>modejewelry@gmail.com |
| 6 | chinashoesuppliers.com | shoesfcn@yahoo.com.cn<br>shoesfcn@hotmail.com<br>allen@tradehr.com |
| 7 | chinawholesale1688.com | briananswer@hotmail.com<br>chinastaroutlet@hotmail.com |
| 8 | eccoly.com | tcogift@gmail.com<br>orderwant@hotmail.com |
| 8 | overcartier.com | Overcartier@gmail.com<br>tcosky@hotmail.com |
| 8 | tiffanygood.com | tcosky@hotmail.com<br>tiffanygood1837@gmail.com |
| 9 | firstcheapsale.com | service@firstcheapsale.com<br>zhangjsfhgth@163.com |
| 9 | fullreplicamall.com | huangjdggkghr@163.com<br>Service@fullreplicamall.com |
| 10 | good5a.com | Good5a@hotmail.com<br>Good5a@yahoo.cn<br>mydiscountbag@hotmail.com |

| Defendant Number | Defendant Name | E-Mail Addresses |
|---|---|---|
| 10 | wholesaletrade3a.com | domain@diyworld.com |
| 11 | goodsaaa.com | goodsaaa1@yahoo.com.cn<br>goodsaaa1@hotmail.com<br>goodsaaa1@hotmail.com.cn<br>25432949@qq.com |
| 12 | heidoudou.net | sales@heidoudou.net<br>heidoudou@hotmail.com<br>heidoudoujewelry@hotmail.com<br>heidoudou.net@domainsbyproxy.com |
| 13 | infashion2012.com | bestpricebrand@gmail.com<br>onlinecheapfashion@gmail.com<br>727236899@qq.com |
| 14 | jewelleryforgirls.com | crowntco@gmail.com<br>xxq1017@hotmail.com |
| 15 | jewelry-1st.com | beststores1@gmail.com<br>jewelry-1st@hotmail.com |
| 15 | wholesaletiffany-1st.com | beststores1@gmail.com<br>jewelry-1st@hotmail.com |
| 16 | joyas-baratas.com | zgywb008@163.com<br>joyasbaratascom@gmail.com |
| 16 | replicas-joyas.com | replicasjoyas@gmail.com<br>servico@replicas-joyas.com<br>zgywb008@163.com |
| 17 | mallreplica.com | service@mallreplica.com<br>sevice@designersee.com<br>service@designersee.com<br>designerso@hotmail.com<br>leo-han@163.com |
| 18 | nvrengui.com | skyluckly@gmail.com<br>adidasupplier@gmail.com |
| 19 | shoesbuychina.com | shoesbuychina@yahoo.com.cn<br>shoesbuychina@hotmail.com<br>urbanclothingsell@hotmail.com<br>urbanclothingusa@yahoo.com.cn<br>287024070@qq.com |
| 20 | shoescitytrade.com | shoescitytrade@gmail.com<br>123456vip11122@qq.com<br>shoescitytrade@hotmail.com<br>shoescitytrade@yahoo.cn |
| 21 | shop4necklace.com | ccnecklace@max-moral-trading.com |

| Defendant Number | Defendant Name | E-Mail Addresses |
|---|---|---|
| | | rz13383830161@126.com |
| 22 | shop4tiffany.com | instyler@hotmail.com<br>wholesaler925@hotmail.com |
| 22 | tiffanyandcoearring.com | best925@Hotmail.com<br>instyler@hotmail.com<br>SellKnockoffs@hotmail.com |
| 22 | tiffanyandcobracelet.com | wholesaler925@hotmail.com<br>tiffanyknockoffs@hotmail.com |
| 23 | styleitself.com | styleitself@gmail.com<br>styleitself@hotmail.com<br>styleitself@foxmail.com |
| 24 | tiffanycanadasale.com | tiffanycanadasale@gmail.com |
| 25 | tiffanycojewelryau.com | jewelrydesignaustralia@hotmail.com<br>jewelrydesignaustralia@gmail.com<br>247398754@qq.com<br>tiffanycojewerlyau@hotmail.com |
| 26 | tiffanyjewelryoutletu.org | tiffanyjewelryoutletus@hotmail.com<br>tiffanyjewelryoutletusa@hotmail.com<br>314167127@qq.com |
| 27 | wholesalejewelry2012.com | backpackus@163.com<br>greatuc.com@hotmail.com<br>jennycleary1987@gmail.com |
| 28 | wholesaletiffanyjewellery.com | wholesalecheapjewelry.us@hotmail.com<br>d8d10caa338540ea935d70f9a316fd3a.protect@whoisguard.com |