UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23518-CIV-SEITZ/SIMONTON

TIFFANY (NJ), LLC,

    Plaintiff,

vs.

925JEWELRYMAX.COM, et al.,

    Defendants.

_____ /

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 58, this Court's Order on Plaintiff's Motion for Entry of Final Default Judgment Against Defendants 1-28, and for good cause shown, it is hereby

ORDERED AND ADJUDGED that Default Judgment is hereby entered in favor of Plaintiff, Tiffany (NJ), LLC, with its principal place of business located at 15 Sylvan Way, Parsippany, New Jersey 07054 ("Plaintiff" or "Tiffany"), against Defendants 1-28, the Partnerships or Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"), as follows:

(1)     Permanent Injunctive Relief:

Defendants and their officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendants are hereby permanently restrained and enjoined from:

    a.     manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing Plaintiff's trademarks identified in Paragraph 17 of the Complaint (the "Tiffany Marks");

b. using the Tiffany Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via the domain names identified on Schedule "A" hereto (collectively the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale or sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Tiffany Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants via the Subject Domain Names and/or any other website or business, including, without limitation, jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, clothing accessories, namely, cufflinks and key holders, and gift boxes, bearing the Tiffany Marks;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

j. using of the Tiffany Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under all of the Subject Domain Names.

2

(2)     Additional Equitable Relief:

     a.    In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

     b.    Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

     c.    Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry responsible for the Subject Domain Names transfers and/or disables the Subject Domain Names.

(3)     Statutory damages:

     a.    Statutory damages of $810,000.00 in favor of Plaintiff and against Defendants 1-28 pursuant to 15 U.S.C. § 1117(c), jointly and severally, for which let execution issue;

     b.    Statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(d), are determined to be:

         i.    $10,000.00 against Defendant axues.net, for which let execution issue;

         ii.    $10,000.00 against Defendant bavot.com, for which let execution issue;

         iii.    $10,000.00 against Defendant eccoly.com, for which let execution issue;

         iv.    $10,000.00 against Defendant jewelry-1st.com, for which let execution issue;

         v.    $30,000.00 against Defendant shop4tiffany.com, for which let execution issue;

      vi. $10,000.00 against Defendant tiffanycanadasale.com, for which let execution issue;

      vii. $10,000.00 against Defendant tiffanycojewelryau.com, for which let execution issue;

      viii. $10,000.00 against Defendant tiffanyjewelryoutletu.org, for which let execution issue; and

      ix. $10,000.00 against Defendant wholesaletiffanyjewellery.com; for which let execution issue.

(4) Costs of Suit: $700.00 in favor of Plaintiff and against Defendants 1-28 pursuant to 15 U.S.C. § 1117(a), jointly and severally, for which let execution issue.

(5) All funds currently restrained by PayPal, Inc. ("PayPal") related to the PayPal account recipients: tiffanycanadasale@gmail.com, wuyouyong1991@gmail.com, qingshenghuang88@gmail.com, silver925jewelry@yahoo.cn, favorjames@hotmail.com, admin@admin.com, oksmgong@yahoo.com.cn, cnyida@hotmail.com, lookingforjewelry@gmail.com, jmf080303@yahoo.com.cn, johnson0823@hotmail.com, zhumei1966@gmail.com, tiantian9696@gmail.com, lilind189@gmail.com, yypyeah@gmail.com, dayingzeng@gmail.com, luying601@gmail.com, 461874316@qq.com, yeshunfeng168@qq.com, shiqiao224@hotmail.com, laiqiankuai@yahoo.com, jewelrydesignaustralia@gmail.com, tojewsky@gmail.com, ilovemyfashionshoppingstore@gmail.com, stricker936@gmail.com, openingwindows@hotmail.com, 1920568956@qq.com, katerinahelen@gmail.com, and cjzyyp@gmail.com, and any other related accounts of the same customer(s) of the respective PayPal account, are to be immediately (within 5 business days) transferred to Plaintiff in partial satisfaction of the monetary judgment entered herein. PayPal shall provide to Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter; (ii) the

4

total chargebacks, refunds, and/or transaction reversals deducted from the funds restrained prior to release; and (iii) the total funds released to the Plaintiff.

(6) Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(7) The bond posted by Plaintiff in the amount of $10,000.00 is ordered to be released by the Clerk.

DONE AND ORDERED in Miami, Florida, this 28 day of March, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER ND SUBJECT DOMAIN NAMES

| Defendant Number | Defendant Name |
|---|---|
| 1 | 925jewelrymax.com |
| 2 | 998trade.com |
| 3 | axues.net |
| 3 | tiffanybiz.com |
| 4 | bavot.com |
| 4 | ectiffany.com |
| 5 | cartierjewelrywholesaler.com |
| 5 | modejewelry.com |
| 6 | chinashoesuppliers.com |
| 7 | chinawholesale1688.com |
| 8 | eccoly.com |
| 8 | overcartier.com |
| 8 | tiffanygood.com |
| 9 | firstcheapsale.com |
| 9 | fullreplicamall.com |
| 10 | good5a.com |
| 10 | wholesaletrade3a.com |
| 11 | goodsaaa.com |
| 12 | heidoudou.net |
| 13 | infashion2012.com |
| 14 | jewelleryforgirls.com |
| 15 | jewelry-1st.com |
| 15 | wholesaletiffany-1st.com |
| 16 | joyas-baratas.com |
| 16 | replicas-joyas.com |
| 17 | mallreplica.com |
| 18 | nvrengui.com |
| 19 | shoesbuychina.com |
| 20 | shoescitytrade.com |
| 21 | shop4necklace.com |
| 22 | shop4tiffany.com |
| 22 | tiffanyandcoearring.com |

| 22 | tiffanyandcobracelet.com |
|---|---|
| 23 | styleitself.com |
| 24 | tiffanycanadasale.com |
| 25 | tiffanycojewelryau.com |
| 26 | tiffanyjewelryoutletu.org |
| 27 | wholesalejewelry2012.com |
| 28 | wholesaletiffanyjewellery.com |